UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:20-cv-01979-M |
| | ) |
| v. | ) |
| | ) |
| NEORA, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**PLANTIFF FEDERAL TRADE COMMISSIONS'**
**UNOPPOSED MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

Pursuant to Local Rule 79.3, Plaintiff Federal Trade Commission ("FTC") respectfully requests leave to file documents under seal. In support, the FTC states as follows:

**MEMORANDUM**

1. The FTC is filing concurrently with this Motion a motion for summary judgment with a brief and appendix of exhibits in support.

2. Exhibits PX 20, PX 39, PX 40, PX 43, PX 45, PX 98, PX 99, PX 110, PX 124, PX 133, PX 135, PX 136, PX 137, PX 138, PX 140, PX 141, PX 142, PX 167, PX 167-A, PX 167-B, and PX 168 (collectively, the "Subject Exhibits") contain material that Defendants Neora, LLC ("Neora") and Jeffrey Olson (collectively, "Defendants") have designated as Confidential Material pursuant to the Protective Order entered in this action on March 6, 2021 [Dkt. #46].[1] Further, the brief in support of the FTC's motion for summary judgment discusses in detail, quotes, and cites information from the Subject Exhibits.

---

[1] The Subject Exhibits also include expert reports that analyzed information, material, or data that Defendants have designated as Confidential Material.

1

3.  Under the Protective Order, a party who wishes to submit material designated as Confidential Material to the Court must do so under seal.  [Dkt. #46 at 5].  For this reason alone, the FTC respectfully requests that the Court permit to be filed under seal the Subject Exhibits and the FTC's brief supporting its motion for summary judgment.

4.  Courts have long recognized that the "public has a common law right to inspect and copy judicial records." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir. 1981)).  "Although the common law right of access to judicial records is not absolute, 'the district court's discretion to seal the record of judicial proceedings is to be exercised charily.'" *Id.* (quoting *Federal Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987)).

5.  The FTC is committed to the presumption of public access to judicial records. Consequently, the FTC does not agree that the material in the Subject Exhibits is necessarily properly designated as Confidential Material under the Protective Order or that such material should be sealed from public access.  Nevertheless, the FTC is complying with the terms of the Protective Order by seeking leave to seal its brief supporting its motion for summary judgment and the Subject Exhibits under its duty to comply with the Protective Order.

6.  Pursuant to the terms of paragraph B. of section VII of the Protective Order, by complying with the Protective Order, the FTC does not admit that the Subject Exhibits contain Confidential Material, does not waive any right to object to or challenge the designation(s) made by Defendants at a subsequent time, and does not waive any right to move this Court to unseal any sealed documents at a subsequent time.

7. In compliance with Local Rule 7.1(c), a proposed order granting this Motion is attached.

8. The undersigned counsel conferred with counsel for the Defendants, and counsel indicated that Defendants do not oppose the relief requested in this Motion, since the basis for the Motion is the preservation of their own confidentiality designations. A certificate in compliance with Local Rule 7.1(b) is attached to this Motion.

## CONCLUSION

For these reasons, the FTC respectfully requests that the Court grant it leave to file its brief in support of its motion for summary judgment and Exhibits PX 20, PX 39, PX 40, PX 43, PX 45, PX 98, PX 99, PX 110, PX 124, PX 133, PX 135, PX 136, PX 137, PX 138, PX 140, PX 141, PX 142, PX 167, PX 167-A, PX 167-B, and PX 168 from the appendix to that motion, under seal.

Respectfully Submitted,

Dated: July 13, 2022

/s/ *Katharine Roller*
KATHARINE ROLLER
GUY G. WARD
LISA W. BOHL
Federal Trade Commission, Midwest Region
230 S. Dearborn, Suite 3030
Chicago, Illinois 60604
Tel: (312) 960-5605
Fax: (312) 960-5600
Email: kroller@ftc.gov
         gward@ftc.gov
         lbohl1@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

3

## CERTIFICATE OF CONFERENCE

I, Katharine Roller, hereby certify that I conferred via email with Michelle Y. Ku, counsel for the Defendants Neora, LLC and Jeffrey Olson, and she informed me that Defendants do not oppose the relief requested in this Motion.

>
> */s/ Katharine Roller*
> KATHARINE ROLLER
> Federal Trade Commission
> 230 South Dearborn Street, Room 3030
> Chicago, Illinois 60604
> Voice: (312) 960-5605
> Fax:   (312) 960-5600
> email: kroller@ftc.gov

## CERTIFICATE OF SERVICE

I, Katharine Roller, hereby certify that on July 13, 2022, I electronically filed **PLAINTIFF FEDERAL TRADE COMMISSION'S UNOPPOSED MOTION FOR LEAVE TO DOCUMENTS UNDER SEAL** with the Court using the CM/ECF system, which will automatically send copies to any attorney of record in the case.

>
> */s/ Katharine Roller*
> KATHARINE ROLLER
> Federal Trade Commission
> 230 South Dearborn Street, Room 3030
> Chicago, Illinois 60604
> Voice: (312) 960-5605
> Fax:   (312) 960-5600
> email: kroller@ftc.gov