UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:20-cv-01979-M |
| | ) |
| v. | ) |
| | ) |
| NEORA, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF FEDERAL TRADE COMMISSION'S**
**MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.3, Plaintiff Federal Trade Commission ("FTC") respectfully moves for summary judgment on all claims (Counts I-V) in its Complaint (Dkt. 1). Summary judgment is proper because there are no genuine issues of material fact and the FTC is entitled to judgment as a matter of law.

**Summary**

This case concerns violations of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 41 *et seq.*, arising from the business practices of Defendants Neora, LLC, formerly known as Nerium International, LLC ("Neora"); Signum Biosciences, Inc. and Signum Nutralogix ("Signum"); and Jeffrey Olson ("Olson") (collectively, "Defendants"). In particular, Defendants have violated Section 5(a) of the FTC Act, 15 U.S.C. § 45, which prohibits unfair and deceptive acts and practices in or affecting commerce; and Section 12 of the FTC Act, 15 U.S.C. § 52, which prohibits the dissemination of any false advertisement in or affecting commerce for the purpose of inducing, or which is likely to induce, the purchase of food, drugs, devices, services, or cosmetics.

The FTC is entitled to summary judgment on all five claims in its Complaint for the following reasons, and as further set forth in the accompanying Brief in Support of Its Motion for Summary Judgment and Appendix:

1. <u>Count One (Illegal Pyramid)</u>: Defendants Neora and Olson engage in a deceptive act or practice in violation of Section 5(a) of the FTC Act by operating an unlawful pyramid scheme in which participants pay money to their company in return for which they receive: (1) the right to sell products, and; (2) in return for recruiting other participants into the program, the right to receive rewards which are unrelated to the sale of products to the ultimate users.

2. <u>Count Two (False Earnings)</u>: Defendants Neora and Olson engage in a deceptive act or practice in violation of Section 5(a) of the FTC Act by misrepresenting that consumers who participate in Defendants' business are likely to earn substantial income. Those misrepresentations are likely to mislead consumers and are material to consumers' decisions.

3. <u>Count Three (False or Unsubstantiated Efficacy)</u>: All Defendants engage in a deceptive act or practice in violation of Section 5(a) of the FTC Act, and disseminate false advertisements in violation of Section 12 of the FTC Act, by misrepresenting that their products prevent, reduce the risk of, or treat Chronic Traumatic Encephalopathy ("CTE"), concussions, Alzheimer's disease, Parkinson's disease, and other brain injuries. Those misrepresentations are likely to mislead consumers and are material to consumers' decisions.

4. <u>Count Four (False Establishment)</u>: All Defendants engage in a deceptive act or practice in violation of Section 5(a) of the FTC Act, and disseminate false advertisements in violation of Section 12 of the FTC Act, by misrepresenting that their products are scientifically proven to prevent, reduce the risk of, or treat CTE, concussions, Alzheimer's disease,

Parkinson's disease, and other brain injuries. Those misrepresentations are likely to mislead consumers and are material to consumers' decisions.

    5.    <u>Count Five (Means and Instrumentalities)</u>: All Defendants engage in a deceptive act or practice in violation of Section 5(a) of the FTC Act by furnishing consumers with the means and instrumentalities to mislead others, including by disseminating: (1) materials that contain the misleading misrepresentations described in Count Two; or (2) materials that contain the false, misleading, or unsubstantiated misrepresentations described in Counts Three and Four.

The misrepresentations in those materials are likely to mislead consumers and are material to consumers' decisions, and Defendants placed those materials in the hands of others who could use them to mislead.

*    *    *

In support of this Motion, the FTC files the accompanying Brief in Support of Its Motion for Summary Judgment and Appendix. Pursuant to Local Rule 56.3(b), each of the matters required by Local Rule 56.3(a), including the elements of each claim as to which summary judgment is sought and the relevant supporting citations to the Appendix, will be set forth in the FTC's accompanying Brief.

## **Conclusion**

For the reasons set forth in this Motion, the Brief in Support of Its Motion for Summary Judgment, Appendix, and all pleadings and papers on file, the FTC respectfully requests that the Court grant the FTC summary judgment on all five claims in its Complaint. The FTC also requests all additional relief to which it is entitled, including entry of the FTC's Proposed Order for Permanent Injunction and other Relief submitted with this Motion.

Respectfully Submitted,

Dated: July 13, 2022 /s/ *Katharine Roller*
KATHARINE ROLLER
GUY G. WARD
LISA W. BOHL
Federal Trade Commission, Midwest Region
230 S. Dearborn, Suite 3030
Chicago, Illinois 60604
Tel: (312) 960-5605
Fax: (312) 960-5600
Email: kroller@ftc.gov
 gward@ftc.gov
 lbohl1@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION