IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-cv-01979-M |
| | § | |
| NEORA LLC, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Judgment on the Pleadings on All Affirmative

Defenses (ECF No. 129), filed by Plaintiff Federal Trade Commission.  For the reasons

explained below, the Motion is **GRANTED**.

## I.    FACTUAL & PROCEDURAL BACKGROUND

In November 2019, the FTC filed its Complaint against Signum Biosciences, Inc.,

Signum Nutralogics, Neora, LLC, and Jeffrey Olson under § 13(b) of the FTC Act, alleging

violations of §§ 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52, in connection with

Neora, LLC's health supplement multi-level marketing business, formerly known as "Nerium."[1]

Compl. (ECF No. 1) ¶¶ 1, 4.  Shortly after filing the Complaint, the FTC settled with Signum

Biosciences, Inc. and Signum Nutralogics, who stipulated to a permanent injunction prohibiting

them from making misleading statements regarding the health benefits of a molecule, EHT.  ECF

No. 10.  Accordingly, the two remaining defendants are Neora, LLC (formerly known as

"Nerium") and its founder, Jeffrey Olson (together, "Defendants").

---

[1] The Complaint primarily makes reference to "Nerium."  Accordingly, for purposes of this Order, the Court shall
use "Nerium" to refer to Defendant Neora, LLC.

The Complaint alleges that Nerium—which the FTC describes as "an international multi-level marketing company that sells supplements, skin creams, and other products using a network of 'Brand Partners' ('BPs')"—is an illegal pyramid scheme, in which BPs pay Nerium for the right to sell Nerium products, and in return for recruiting other participants, receive rewards unrelated to product sales to end users.  *Id.* ¶¶ 12, 132–33.  The Complaint further alleges that Nerium and its BPs have made unsupported health claims about EHT, the main ingredient in Defendants' products, namely that it can help with various health ailments, including concussions and chronic traumatic encephalopathy.  *Id.* ¶¶ 13, 51–127.

Based on the foregoing allegations, the FTC alleges that Defendants violated the FTC Act by making deceptive or misleading product claims in connection with EHT, making false claims about the potential income BPs could earn by enrolling in Nerium; operating as an illegal pyramid scheme, and providing BPs with the means and instrumentalities to violate the FTC Act. Pursuant to § 13(b) of the FTC Act, the FTC seeks injunctive relief as necessary to prevent consumer injury and violations of the FTC Act.

On October 14, 2020, Defendants filed an Amended Answer, asserting three affirmative defenses: (1) monetary relief is unavailable, (2) laches, and (3) failure to exhaust administrative remedies.  Am. Ans. (ECF No. 40), at 2–3.  On May 3, 2022, the FTC moved for judgment on the pleadings on Defendants' affirmative defenses.  ECF No. 129.

## II.   LEGAL STANDARD

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) provides a means to dispose of a case or issues in a case where the parties do not dispute the material facts "and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."  *Hebert Abstract v. Touchstone Props., Ltd.*, 914

F.2d 74, 76 (5th Cir. 1990).  The standard for resolving a motion for judgment on the pleadings is the same as a motion to dismiss under Rule 12(b)(6).  *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010).  When reviewing a Rule 12(b)(6) motion to dismiss, courts must "accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff," or, as here, the party asserting the challenged positions.  *Richardson v. Axion Logistics, L.L.C.*, 780 F.3d 304, 306 (5th Cir. 2015) (quoting *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010)).

## III.   ANALYSIS

The FTC seeks judgment on the pleadings on Defendants' three affirmative defenses: lack of availability of monetary relief, laches, and failure to exhaust administrative remedies.

As an initial matter, concerning the affirmative defense of monetary relief being unavailable, Defendants agree that the Court's prior Order granting judgment to Defendants on the FTC's claims for monetary relief disposes of this affirmative defense.  ECF No. 135, at 1. Specifically, the Court granted the Defendants' Motion for Judgment on the Pleadings as to the FTC's § 13(b) claim for monetary relief and the recovery of sums for individual consumers, on the grounds that such relief is foreclosed by the Supreme Court's decision in *AMG Capital Management, LLC v. Federal Trade Commission*, 141 S. Ct. 1341 (2021).  *See* ECF No. 82, at 7. Accordingly, Defendants' affirmative defense that no monetary relief is available is dismissed. The remainder of the FTC's Motion is granted, as discussed further below.

### a.  Laches

The FTC seeks judgment on the pleadings on Defendants' affirmative defense of laches, on the grounds that laches is not a valid defense to a civil suit by the government seeking to enforce a public right or to protect a public interest, such as this case brought by the FTC.

The Fifth Circuit has consistently held that "laches is unavailable as a defense against the United States in enforcing a public right." *United States v. Arrow Transp. Co.*, 658 F.2d 392, 395 (5th Cir. 1981); *Nabors v. NLRB*, 323 F.2d 686, 688 (5th Cir. 1963) ("It is well settled that the United States, or any agency thereof, is not . . . subject to the defense of laches in enforcing a public right."); *see also Entergy Miss., Inc. v. NLRB*, 810 F.3d 287, 299 (5th Cir. 2015) ("*Nabors* remains good law."). The sole potential exception appears to be in the EEOC context; several prior Fifth Circuit decisions contemplate that laches may apply in cases where the EEOC asserts claims for back pay due to discrimination, on the grounds that when doing so, the EEOC enforces a private right on behalf of an individual. *See United States v. Popovich*, 820 F.2d 134, 136 (5th Cir. 1987) ("Prior decisions have recognized laches against the government, but only against [EEOC] in suits filed to recover sums allegedly due to individuals, not the treasury."); *United States v. Ga. Power Co.*, 474 F.2d 906, 923 (5th Cir. 1973) ("Insofar as the . . . suit constitutes a proper legal conduit for the recovery of sums due individual citizens rather than the treasury, it is a private and not a public action.")). However, the Fifth Circuit has expressly noted the lack of authority applying laches against the government outside of the EEOC context, and declined to extend its applicability further. *Arrow Transp.*, 658 F.2d at 395–96.

Here, Defendants concede that laches is unavailable when the government litigates in its sovereign capacity to protect the public interest. Am. Ans. at 2. However, Defendants contend that laches applies in this suit because the FTC seeks to recover sums due to individual consumers, rather than the treasury, and because, according to Defendants, the FTC seeks injunctive relief to "benefit or restore consumers based upon allegations that are several years old and for which there is no evidence that they are ongoing or continuing courses of conduct." Am. Ans. at 2–3; *see also* Reply (ECF No. 135) at 4.

Laches is inapplicable here.  This is not an EEOC case, and accordingly, the narrow exception recognized by the Fifth Circuit does not apply.  *See Arrow Transp*., 658 F.2d at 395 ("Because the instant case does not involve the E.E.O.C., it is unnecessary for us to reconcile, to interpret or to cite E.E.O.C. cases.").  Moreover, the FTC is acting in this case to enforce a public right.  Although the FTC previously sought to redress injury to consumers through restitution, refunds, and disgorgement, *see* Compl. at 42, the Court held, as discussed above, that the FTC cannot seek monetary recovery to compensate individuals for their losses.  *See* ECF No. 82, at 7.

Accordingly, the FTC is seeking only injunctive relief pursuant to § 13(b) of the FTC Act.  In so acting, the FTC is operating in a sovereign capacity for the protection and furtherance of public rights and interests, namely to protect the public from "[u]nfair methods of competition" and "unfair or deceptive acts or practices," as authorized by the FTC Act.  15 U.S.C. §§ 45(a)(1)–(2); *see also id.* § 53 (the FTC may seek to enjoin violations of the FTC Act if it "would be in the interest of the public").  "The fact that these proceedings operate to confer an incidental benefit on private persons does not detract from this public purpose."  *Cf. Nabors*, 323 F.2d at 688–89 (considering laches in the NLRB context).

Defendants point to out-of-circuit authority suggesting instances in which laches is available an affirmative defense in civil suits brought by the government.  *E.g.*, ECF No. 135, at 5 (citing *Herman v. S.C. Nat'l Bank*, 140 F.3d 1413, 1427 (11th Cir. 1998) ("[T]his circuit permits laches to bar an EEOC suit only because Title VII contains no statute of limitations.")).  However, Defendants provide no authority from the Fifth Circuit justifying departing from the general rule that laches is unavailable as an affirmative defense against the government when it is enforcing a public right.  Accordingly, the Court concludes that because the FTC in this case is operating in a sovereign capacity for the protection and furtherance of public rights and interests,

the affirmative defense of laches does not apply.  Judgment for the FTC on this affirmative defense is therefore appropriate.

### b.  Failure to Exhaust Administrative Remedies

Finally, the FTC moves for judgment on the pleadings on Defendants' affirmative defense of failure to exhaust administrative remedies.

The Court has already addressed exhaustion of administrative remedies in this case. Defendants previously moved for judgment on the pleadings on the grounds that, in cases where permanent injunctive relief is sought under § 13(b), such as here, the FTC must first obtain a temporary restraining order or preliminary injunction through the administrative process provided under § 5 of the FTC Act.  ECF No. 55, at 9–10.  Section 13(b) of the FTC Act provides that the FTC may proceed directly to the district court to seek a temporary restraining order or preliminary injunction, and in "proper cases . . . after proper proof," a permanent injunction.  15 U.S.C. § 53(b).  In denying Defendants' motion, the Court held that permanent injunctions are available under § 13(b) even in the absence of parallel administrative proceedings, and the FTC did not need to obtain a prior preliminary injunction or temporary restraining order via the administrative process prior to seeking a permanent injunction under § 13(b).  *See* ECF No. 82, at 7–11.  The Court further held that the Complaint contains sufficient allegations to infer a reasonable expectation of present or future violations of the FTC Act by Defendants absent restraint, noting that to the extent those allegations lack sufficient evidentiary support to justify a permanent injunction, that could be raised at summary judgment.  *Id.* at 13, 15.

Defendants contend the Court's prior decision regarding administrative exhaustion is not determinative of its exhaustion affirmative defense, because "there is no controlling Fifth Circuit

case law regarding either what constitutes a 'proper case' or the extent to which the FTC must use the administrative process before seeking a permanent injunction."  ECF No. 135, at 7–8.

The Court disagrees.  This Court has considered the question of whether the FTC must exhaust administrative remedies before seeking relief under § 13(b), and concluded that it does not, and that is the law of the case.  *See Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011) ("The law-of-the-case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issue in subsequent stages in the same case.'" quoting *United States v. Castillo*, 179 F.3d 321, 326 (5th Cir. 1999)).  Accordingly, Defendants' affirmative defense of failure to exhaust administrative remedies is foreclosed by the Court's prior decision.[2]

## IV.   CONCLUSION

For the foregoing reasons, the FTC's Motion for Judgment on the Pleadings on All Affirmative Defenses is **GRANTED**.

**SO ORDERED**.

August 8, 2022.

BARBARA M. G. LYNN
CHIEF JUDGE

---

[2] Note, however, that Defendants are not foreclosed from arguing that this is not a "proper case" under § 13(b) for reasons other than failure to exhaust administrative remedies.