# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:20-cv-01979-M |
| | ) | |
| v. | ) | |
| | ) | |
| NEORA, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF FEDERAL TRADE COMMISSION'S REPLY IN SUPPORT OF
## ITS MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. MINDY KURZER

As the FTC showed in its motion and exhibits (Dkt. 177-78), the testimony of

Defendants' expert Dr. Mindy Kurzer should be excluded pursuant to Fed. R. Evid. 702 and

*Daubert*. Defendants' response (Dkt. 232) confirms it.

Defendants have the burden to show that Dr. Kurzer's testimony is relevant and reliable,

*Moore v. Ashland Chem. Inc.,* 151 F.3d 269, 276 (5th Cir. 1998), but they fail to meet this

burden. The issue in this case is whether Defendants violated the FTC Act by misrepresenting

that EHT or EHT products prevent or treat concussions, CTE, Alzheimer's or Parkinson's, and

that these claims are backed by scientific proof (the "challenged claims"). *See* Dkt. 1, Complaint

¶¶ 137-142. Dr. Kurzer offers *no* relevant or reliable expert testimony on this issue.

The question of whether Defendants misrepresented that EHT or EHT products prevent

or treat those conditions is really two questions (the first two elements of deception): (1) Did

Defendants *make* the challenged claims, and (2) did they have *substantiation* for the challenged

claims. *See FTC v. Wellness Support Network, Inc.*, No. 10-cv-04879-JCS, 2014 WL 644749, at

*10, 15 (N.D. Cal. Feb. 19, 2014). Dr. Kurzer offers no admissible testimony on either.

1

With regard to the first question—whether the challenged claims were made—she opines that they were not, but admits that she has no expertise in marketing or advertising and reached her opinion without reviewing or evaluating the voluminous evidence showing Defendants made these claims. Dkt. 207-5, Defs. MSJ Resp. App. 700-01, 706-08 (DX20 at 25:17 to 26:8, 28:14 to 29:21, 49:21 to 51:13, 53:16 to 60:21). She is therefore neither qualified nor sufficiently informed to opine on that question.

With regard to the second question—whether Defendants have substantiation for the challenged claims—Dr. Kurzer does not even offer an opinion. She expresses *no* opinion on whether Defendants' EHT products or any ingredient therein prevent or treat concussions, CTE, Alzheimer's or Parkinson's. Dkt. 207-5, Defs. MSJ Resp. App. 701 (DX20 at 30:2 to 32:6). Instead, she opines that Defendants have substantiation for *other* claims not at issue in this case: "structure/function claims, general well-being claims, or nutrient deficiency disease claims." Dkt. 148-1, FTC MSJ App. 1366-68 (PX44 §§ IV.2.A.b-d & B). This opinion has no relevance whatsoever. Indeed, Dr. Kurzer admits that the challenged claims about concussions, CTE, Alzheimer's, or Parkinson's do not fall into these categories. Dkt. 207-5, Defs. MSJ Resp. App. 701-702 (DX20 at 32:7 to 33:20).

In spite of these undisputed facts, Defendants argue that Dr. Kurzer should be allowed to testify because this case will be tried, if necessary, to the bench rather than a jury. Dkt. 232 at 10. This argument shows little regard for the Court's valuable time, and is legally meritless. Rule 702 and *Daubert s*till apply in bench trials, *e.g., Grand Isle Shipyards, Inc. v. Black Elk Energy Offshore Ops.*, Civ. No. 15-129 (and consolidated cases), 2021 WL 535837, at *3 (E.D. La. Feb. 12, 2021), and in such trials, "[e]xperts may not advise the Court how the law should be interpreted or applied to the facts in the case." *Smith v. City of Bastrop*, No. 1:19-cv-1054-RP,

2

2021 WL 148061, at *5 (W.D. Tex. Jan. 15, 2021). This is precisely what Defendants aim to do. According to Defendants, "Dr. Kurzer will provide this Court with the proper framework for analyzing the product claims" and "inform the Court regarding the reasons why the FTC's proposed injunctive relief is inappropriate." Dkt. 232 at 4, 14. Such testimony plainly would be improper and not helpful to the Court. *Smith*, 2021 WL 148061, at *5-6; *Grand Isle*, 2021 WL 535837, at *3.

Lastly, Defendants argue that Dr. Kurzer should be allowed to testify about "material deficiencies in the testimony and opinions of the FTC's experts," Dkt. 232 at 4, but her report identifies no such deficiencies. Instead, paradoxically, Dr. Kurzer's critique of the FTC's experts, Drs. Tator and Mastrianni, is that they evaluate the "wrong" claims—which is to say, the claims actually at issue in this case. First of all, Drs. Tator and Mastrianni opine only on the second question above, not the first: whether the challenged claims are *substantiated*, not whether the challenged claims were *made*. They were not asked to opine on what claims Defendants made; nor did they need to. *Wellness Support Network,* 2014 WL 644749, at *9. Thus, Dr. Kurzer's critique of this nonexistent "opinion," on the ground that it does not match the documents the experts reviewed, is absurd. Defendants' argument on this point depends entirely on a document they produced to the FTC that lists 37 research studies on EHT and other ingredients in their supplements, as well as listing assorted general health claims about EHT products not at issue in this case. Dkt. 232 at 6. Drs. Tator and Mastrianni referred to this document for the studies it lists, which they evaluated and found did not provide substantiation for the challenged claims. Dkt. 148-1, FTC MSJ App. 1081-84, 1113-18, 1123-25, 1209-14 (PX41 ¶¶ 15-24 & Ex. B; PX42 ¶¶ 16-26 & Ex. B). Dr. Kurzer's criticism, and Defendants', is that by evaluating the studies in that document, Drs. Tator and Mastrianni somehow bound

themselves to also evaluating only the *claims* in the document, instead of the claims actually challenged here. This is nonsensical. Drs. Tator and Mastrianni expressly specified the claims they evaluated and conclusions they reached in their reports, which the Court can review on its own without assistance from Dr. Kurzer.

Accordingly, for the reasons stated above and in the FTC's motion, the expert testimony of Dr. Kurzer should be excluded pursuant to Fed. R. Evid. 702 and *Daubert*.

Respectfully Submitted,

Dated: August 29, 2022

/s/ *Guy G. Ward*
KATHARINE ROLLER
GUY G. WARD
LISA W. BOHL
RACHEL F. SIFUENTES
SAMANTHA DENNY
Federal Trade Commission, Midwest Region
230 S. Dearborn, Suite 3030
Chicago, Illinois 60604
Tel: (312) 960-5605
Fax: (312) 960-5600
Email: gward@ftc.gov