UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:20-cv-01979-M |
| ) | |
| v. ) | |
| ) | |
| NEORA, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF FEDERAL TRADE COMMISSION'S REPLY IN SUPPORT OF
ITS OBJECTIONS TO AND MOTION TO STRIKE PORTIONS OF
DEFENDANTS' SUMMARY JUDGMENT EVIDENCE**

In their Response (Dkt. 251) to the Federal Trade Commission's ("FTC") Objections to and Motion to Strike Portions of Defendants' Summary Judgment Evidence (Dkt. 200), Defendants Neora, LLC[1] ("Neora") and its founder and CEO Jeffrey Olson ("Olson") (collectively, "Defendants") make arguments and admissions that show why the FTC's evidentiary objections should be sustained and the evidence stricken. First, Defendants admit that they produced Neora's 2021 Income & Product Disclaimers document ("Exhibit No. 5") after fact discovery closed. Defendants provide no justification for their failure to timely disclose a responsive document, nor do they show that the failure was harmless. Thus, Exhibit No. 5 should be stricken, but to the extent that Defendants seek leave of court to withdraw Exhibit No. 5 and substitute a document that was properly produced during fact discovery, the FTC does not object.

---

[1] In 2019, the company changed its name from "Nerium International, LLC" to Neora. For convenience, the FTC uses "Neora" to refer to the company throughout its existence, but quotations from material predating the company's 2019 rebranding will use the name "Nerium."

Second, Defendants admit to submitting a declaration after their expert disclosure deadline from their expert Dr. Coughlan (Exhibit No. 12) that rewrote her original disclosures to "improve … readability." Such untimely and unauthorized revisions are inadmissible and should be stricken. Finally, Defendants confirm that no witness will provide sufficient testimony at trial to authenticate the survey conducted for litigation by LRW in April 2022 ("LRW Survey"). Thus, the LRW Survey cannot be presented in an admissible form and should be stricken as well.

## ARGUMENT

### I.   Exhibit No. 5 (App. 51, Dkt. 155-5) 2021 Income & Product Disclaimers

Defendants admit in their Response to the FTC's Objections that the 2021 Income & Product Disclaimers document (Exhibit No. 5") was not produced during fact discovery and was only later produced during expert discovery, despite being responsive to the FTC's written fact discovery requests. Resp. at 1-2. Further, the FTC has shown that Defendants' failure to timely disclose Exhibit No. 5 deprived the FTC of an opportunity to use that document during a relevant deposition. Thus, the FTC's objection should be sustained and Exhibit No. 5 should be stricken.

As discussed in the FTC's Objections, under Rule 37(c), evidence that a party failed to disclose cannot be used "on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Neither exception applies here. Defendants make no attempt to justify their failure to disclose Exhibit No. 5 during fact discovery. Further, they admit that documents containing disclosures like those set forth in Exhibit No. 5 were a deposition topic during Neora's 30(b)(6) deposition, that the FTC requested confirmation that the most-recent disclosures had been produced to it, and that the FTC questioned Neora's corporate representative regarding why a 2021 disclosure had not been produced. *See* Resp. at 2. Thus, this failure to disclose is not harmless, as the FTC was given

incorrect information about the existence of Exhibit No. 5 and was unable to question Neora's corporate representative about the document in the way it had done with the other, earlier disclosures. Defendants' sole excuse—that a similar document with some of the same information was produced during fact discovery and discussed during Neora's 30(b)(6) deposition (*i.e.,* the 2020 Neora Income Disclosure Statement ("Deposition Exhibit 446"))—in no way means that the failure to disclose Exhibit No. 5 was harmless. The documents are neither identical nor do they contain the same information, and it is the later-created document that Defendants seek to rely upon. Therefore, based on Defendants' untimely disclosure, the FTC's objection to Exhibit No. 5 should be sustained and it should be stricken. Nevertheless, to the extent that Defendants are seeking leave of court to withdraw Exhibit No. 5 and substitute Deposition Exhibit 446, the FTC does not oppose that request.

**II.    Exhibit No 12 (App. 222-240, Dkt. 155-12) Declaration of Anne T. Coughlan, Ph.D., signed July 13, 2022**

Defendants explain in the Response that they attempted to, in their words, "improve the readability of Dr. Coughlan's statement" in her expert disclosure by re-wording her opinions in her later-submitted declaration. Resp. at 3. Defendants were required to produce their expert disclosure for Dr. Coughlan on May 31, 2022; whether the 19-page "declaration" Defendants submitted after that deadline as Exhibit No. 12 was intended as a revised expert disclosure for "improve[d] … readability," or as a new or supplemental report by Dr. Coughlan, it is untimely and unauthorized. Defendants cite no authority, rule, or order of this Court permitting them to rewrite Dr. Coughlan's original disclosure, particularly after Dr. Coughlan was already deposed.

Defendants also argue that the sworn declaration in Exhibit No. 12 addresses an admissibility concern for Dr. Coughlan's original expert report because the latter was unsworn. Resp. at 6. However, a brief statement declaring that the opinions disclosed in Dr. Coughlan's

earlier signed and dated report were true and correct under penalty of perjury would have suffced for admissibility purposes; 19 pages of revised, untimely disclosures that seek to "improve" the prior disclosures are neither necessary nor permitted.

In sum, as Exhibit No. 12 admittedly contains Defendants' untimely and unauthorized revisions to Dr. Coughlan's original expert disclosures, the FTC's objection should be sustained and the exhibit should be stricken.

### III.    April 2022 Survey Conducted by LRW

As Defendants seem to recognize, the FTC both objects to the admissibility of the April 2022 survey conducted for litigation by the survey company LRW ("LRW Survey") and separately contends that expert testimony and opinions based on the LRW Survey must be excluded, for additional reasons. The Objections at issue in this filing only focus on the admissibility of the LRW Survey as fact evidence—not on Defendants' experts' reliance on and use of the survey. The instant issue of fact evidence inadmissibility is also addressed in the FTC's Response to Defendants' Motion for Partial Summary Judgement at Section II.C (Dkt. 197 at 46-50), and in the FTC's Reply in Support of its Motion to Exclude Expert Testimony of Ann Coughlan and Walter Vandaele ("*Daubert* Reply") at Section II.A (Dkt. 245 at 6-7), which filings are incorporated herein.[2]

In brief summary, the LRW Survey is inadmissible because there will be no witness at trial who can testify about how the LRW Survey was designed, conducted, or interpreted. Defendants argue that Neora's co-CEO Deborah Heisz has personal knowledge sufficient to authenticate certain facts, including that Neora engaged LRW to conduct the LRW Survey, and

---

[2]    The FTC's motion to exclude *expert* testimony and opinions based on the LRW Survey is addressed in its *Daubert* motion regarding Drs. Coughlan and Vandaele at Section IV (Dkt. 176 at 16-25), and in Section II.B of its *Daubert* Reply (Dkt. 245 at 7-10).

4

to authenticate that Neora received results and data. Such limited authentication is insufficient to provide a sufficient opportunity for cross-examination, as Ms. Heinz does not purport to have personal knowledge of how the LRW Survey was designed, conducted, or interpreted.[3] Defendants also argue that their experts, Drs. Coughlan and Vandaele, "testified at length" regarding the LRW Survey, providing sufficient authentication for it. Resp. at 8. On the contrary, Drs. Coughlan and Vandaele testified that neither of them were involved in the design or execution of the LRW Survey or the preparation of its results, that they both only learned of the LRW Survey *after* it was conducted, and thus neither of them has personal knowledge sufficient to authenticate the LRW Survey.[4] Since no witness will provide sufficient testimony to authenticate the LRW Survey or to provide the FTC a sufficient opportunity to cross-examine a witness with personal knowledge about this evidence, it is inadmissible and should be stricken.

## CONCLUSION

For the foregoing reasons and for the reasons discussed in the FTC's Objections and other relevant briefing incorporated therein and herein, the FTC respectfully requests that its objections to Defendants' Exhibit Nos. 5 and 12 and to the LRW Survey be sustained, and that such evidence be stricken from the record.

Respectfully Submitted,

Dated: September 14, 2022

/s/ *Rachel F. Sifuentes*
RACHEL F. SIFUENTES

---

[3] Further, Defendants do not dispute that they have designated LRW itself—the entity which prepared the survey after fact discovery closed for litigation—as a non-testifying consulting expert not subject to cross-examination at trial. *See* Dkt. 245 at 7.

[4] *See* Dkt. 176 at 18-19, discussing Dr. Coughlan's and Dr. Vandaele's detailed testimony that they have no personal knowledge of the facts about the methodology used in the LRW Survey, no information about the survey participants, no information about test group(s) or randomization used in developing the LRW Survey, and no information about other facts related to admissibility and reliability.

KATHARINE ROLLER
LISA W. BOHL
GUY G. WARD
SAMANTHA DENNY
Federal Trade Commission, Midwest Region
230 S. Dearborn, Suite 3030
Chicago, Illinois 60604
Tel: (312) 960-5605
Fax: (312) 960-5600
Email: rsifuentes@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION