## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:20-cv-01979-M |
| § | |
| NEORA, LLC, SIGNUM BIOSCIENCES, § | |
| SIGNUM NUTRALOGIX, and JEFFREY § | |
| OLSON, § | |
| Defendants. § | |
| § | |

## BRIEF IN SUPPORT OF NON-PARTY DIRECT SELLING ASSOCIATION'S
## MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE

Pursuant to Northern District of Texas Local Rules 7.1(h) and 7.2(b), Non-Party Movant

Direct Selling Association ("DSA") respectfully submit this Brief in Support of its Motion for

Leave to File Brief of Amicus Curiae.

### I.   DSA is a national trade association whose members rely on a settled definition of what constitutes an unlawful "pyramid scheme."

The Direct Selling Association ("DSA") is a 112-year-old national trade association

headquartered in Washington, D.C. that represents companies that sell their products directly to

consumers through an independent, entrepreneurial salesforce. Direct sellers are perhaps best

known to the public as person-to-person, door-to-door, or home party plan sellers. Through the

efforts of direct salespersons that provide personal demonstration, home delivery, and a variety of

other sales-related services, direct-selling companies can offer quality products to consumers

without substantial advertising or other barriers to entry found in other distribution systems, like

brick-and-mortar stores.

1

DSA's interest in this case is to ensure the definition of a "pyramid scheme" employed by the Court in deciding this case does not encompass the lawful productive activity of its member companies.  As explained in more detail in the proposed Amicus Brief attached hereto, settled laws and case authorities that define a pyramid scheme are vital for the direct selling business model and the millions of individuals that use it in the United States. Pyramid schemes are illegal and can masquerade as legitimate direct selling companies. Clear laws that distinguish between legal business operations and illegal schemes are important for legitimate direct selling companies that want to abide by the law and protect consumers. Legitimate direct selling companies structure their businesses based on existing law and precedent to ensure compliance with applicable standards.

## II.   DSA seeks leave to file a short amicus brief to assist the Court by providing longstanding law from around the country on the definition of  a pyramid scheme.

The role of an amicus is to assist the Court "in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Newark Branch, N.A.A.C.P. v. Harrison*, 940 F.2d 792, 808 (3d Cir. 1991). In deciding whether the Court should grant leave to file an amicus brief, courts consider whether the moving party has an interest in the outcome of the litigation. *See* N.D. Tex. L.R. 7.2(b) ("The brief must specifically set forth the interest of the amicus curiae in the outcome of the litigation.").

Here, the Court should permit the filing of DSA's amicus brief in this case. As noted, DSA has a specific interest in the outcome of this proceeding. Any ruling that is inconsistent with longstanding law that defines what a pyramid scheme is and redefines business practices long determined to be legal and legitimate as no longer legal would have a profound impact on millions of Americans.  Plaintiff FTC objects to DSA's motion as untimely and unhelpful to the Court, but there is no statute, rule, or controlling case limiting the Court's discretion to grant DSA's motion.

*United States v. Olis*, 2008 WL 620520 at *7 (S.D. Tex. Mar. 3, 2008). Moreover, DSA believes that its experience and analysis of the law presented in its Amicus Brief will provide important guidance and context for the Court when considering how the law applies in this case.

**Conclusion**

For the foregoing reasons, DSA respectfully requests that this Court grant leave for the filing of the accompanying Amicus Brief.

Dated:  September 15, 2022

Respectfully submitted,

*/s/ Anne M. Johnson*

Anne M. Johnson
State Bar No. 00794271
ajohnson@tillotsonlaw.com
Charles T. Rice
State Bar No. 24126599
crice@tillotsonlaw.com
**TILLOTSON JOHNSON & PATTON**
1807 Ross Ave., Suite 325
Dallas, Texas 75201
(214) 382-3041 (Telephone)
(214) 292-6564 Facsimile

Brian Bennett (*pro hac vice* forthcoming)
John W. Webb (*pro hac vice* forthcoming)
**DIRECT SELLING ASSOCIATION**
1667 K Street, N.W.
Suite 1000
Washington, D.C. 20006
(202) 452-8866 (Telephone)

**Counsel for Amicus Curiae**
**Direct Selling Association**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Texas using the CM/ECF system and served on all counsel herein on September 15, 2022.

*/s/ Anne M. Johnson*
Anne M. Johnson
