IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-cv-01979-M |
| | § | |
| NEORA, LLC, SIGNUM BIOSCIENCES, | § | |
| SIGNUM NUTRALOGIX, and | § | |
| JEFFREY OLSON, | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS' TRIAL WITNESS LIST

Defendants Neora, LLC ("Neora") and Jeffrey Olson ("Olson," together with Neora, "Defendants") respectfully submit this Trial Witness List. At this time, Defendants identify the following potential fact and expert witnesses for trial, each of whom may testify in person and/or by deposition and in any order as necessary and appropriate.

These identifications are based on information reasonably available to Defendants at the present time, but Defendants reserve the right to supplement, modify or amend this Trial Witness List. Defendants further reserve the right to designate testimony and/or call to testify any persons who are identified on the Federal Trade Commission's list(s). Defendants also reserve the right to call additional trial witnesses for rebuttal or impeachment. Defendants also reserve the right not to call one or more of the witnesses identified on this Trial Witness List, or to object on any grounds to the admissibility of the testimony of any witness on the Federal Trade Commission's list(s), and further reserve the right to move for the exclusion of such testimony, as appropriate. A copy of this Trial Witness List will be furnished to the court reporter prior to trial.

1. **Defendant Jeffrey Olson (Deposed/Probable)**

   c/o Craig B. Florence
   Foley & Lardner LLP
   2021 McKinney, Suite 1600
   Dallas, Texas 75201
   Tel: 214.999.3000

Mr. Olson is Neora's founder and CEO and a defendant in this lawsuit. Mr. Olson may be called to testify regarding Neora's company history since its founding in 2011, Neora's evolution as a direct selling ("DS"), multi-level marketing company, and the claims and defenses in this case, including the elements thereof.

2. **Deborah Heisz (Deposed/Probable)**

   c/o Craig B. Florence
   Foley & Lardner LLP
   2021 McKinney, Suite 1600
   Dallas, Texas 75201
   Tel: 214.999.3000

Ms. Heisz is Neora's co-CEO. Ms. Heisz, who was deposed in her individual capacity and as the corporate representative of Neora, may testify regarding Neora's company history, Neora's evolution as a DS, multi-level marketing company, and the claims and defenses in this case, including the elements thereof. Ms. Heisz may also testify regarding Neora's business model, operations, and management, including but not limited to Neora's financial, sales, and product information, company databases, Independent Brand Partner ("BP") Application and Agreement, Compensation Plan, Policies and Procedures, BP Back Office, and robust compliance programs with extensive training, monitoring, and enforcement programs.

3. **Amber Olson Rourke (Deposed/Probable)**

   c/o Craig B. Florence
   Foley & Lardner LLP
   2021 McKinney, Suite 1600
   Dallas, Texas 75201
   Tel: 214.999.3000

Ms. Rourke is Neora's Chief Sales & Marketing Officer. Ms. Rourke may testify regarding Neora's company history, Neora's evolution as a DS, multi-level marketing company, and the claims and defenses in this case, including the elements thereof. Ms. Rourke may also testify regarding Neora's business model, operations, and management, including but not limited to Neora's financial, sales, and product information, Independent BP Application and Agreement, Compensation Plan, Policies and Procedures, BP Back Office, robust compliance programs with extensive training, monitoring, and enforcement programs, development, marketing, and sales of Neora's products, and BP training on sales, recruitment, and product and income claims.

4. **Sandra M. Davis (Deposed/Probable)**

>   c/o Craig B. Florence
>   Foley & Lardner LLP
>   2021 McKinney, Suite 1600
>   Dallas, Texas 75201
>   Tel: 214.999.3000

Ms. Davis is Neora's Director of Compliance. Ms. Davis may testify regarding the claims and defenses in this case, including the elements thereof. Ms. Davis may also testifying regarding activities, operations, and matters of Neora related to compliance, including but not limited to Neora's enforcement of its Policies and Procedures and robust compliance programs with extensive training, monitoring, and enforcement programs. Ms. Davis may also testify regarding Neora's process, tools, and efforts to monitor for and address compliance violations and complaints, BPs' interactions and relationships with Neora's compliance process, communications with BPs concerning compliance issues through various means, including social media, and in collaboration with other Neora Departments, maintenance of an email inbox to which BPs can send messages reporting non-compliance in the BP field, and use of third party services, such as Momentum Factor's FieldWatch Monitoring service.

5. **Trevor Scofield, Sr. (Not Deposed/Possible)**

    c/o Craig B. Florence
    Foley & Lardner LLP
    2021 McKinney, Suite 1600
    Dallas, Texas 75201
    Tel: 214.999.3000

Mr. Scofield is Neora's Senior Director of Financial Planning & Analysis. Mr. Scofield may testify regarding the claims and defenses in this case, including the elements thereof. Mr. Scofield may also testify regarding Neora's business model, operations, and management, including but not limited to Neora's financial and sales information, company databases, Independent BP Application and Agreement, Compensation Plan, Policies and Procedures, and BP Back Office.

6. **Kayla Wager (Not Deposed/Possible)**

    c/o Craig B. Florence
    Foley & Lardner LLP
    2021 McKinney, Suite 1600
    Dallas, Texas 75201
    Tel: 214.999.3000

Ms. Wager is Neora's Senior Director of Customer Experience. Ms. Wager may testify regarding the claims and defenses in this case, including the elements thereof. Ms. Wager may also testify regarding Neora's business model, operations, and management, including but not limited to Neora's sales and product information, company databases, Independent BP Application and Agreement, Compensation Plan, Policies and Procedures, BP Back Office, robust compliance programs with extensive training, monitoring, and enforcement programs, development, marketing, and sales of Neora's products, BP training on sales, recruitment, and product and income claims, and process, tools, and efforts to monitor for and address compliance violations and complaints.

7. **Mindy Kurzer, Ph.D. (Deposed/Probable/Expert)**

> c/o Craig B. Florence
> Foley & Lardner LLP
> 2021 McKinney, Suite 1600
> Dallas, Texas 75201
> Tel: 214.999.3000

Dr. Kurzer is an expert witness for Defendants in this case. Dr. Kurzer is a professor of nutrition at the University of Minnesota and an experienced researcher and expert on the health effects of dietary substances and supplements. Dr. Kurzer is expected to testify regarding her report of May 18, 2022 produced in this case and her deposition testimony on June 29, 2022. She is also expected to testify regarding: (i) the product claims that Neora makes about its dietary supplement Neora EHT (e.g., promotes brain health, improves memory and focus) and the peer-reviewed support that Neora has for such claims; (ii) the difference between structure function and general well-being claims permitted under the Dietary Supplement Health and Education Act of 1994, the type of disease treatment claims discussed by Plaintiff's designated experts, Drs. Charles H. Tator and James A. Mastrianni, and why many of Plaintiff's characterization of various claims are mistaken; (iii) the prevalence of similar dietary supplement products in the market that make the same types of claims about cognition and brain health that are made about Neora EHT; and (iv) other similar matters that may be appropriate to elicit in response to Plaintiff's experts Drs. Tator and Mastrianni.

8. **Anne Coughlan, Ph.D. (Deposed/Probable/Expert)**

> c/o Craig B. Florence
> Foley & Lardner LLP
> 2021 McKinney, Suite 1600
> Dallas, Texas 75201
> Tel: 214.999.3000

Dr. Coughlan is an expert witness for Defendants in this case. She received her Ph.D. in Economics at Stanford University. Prior to her appointment at Northwestern University's Kellogg

School of Management, she was a professor at the business school of the University of Rochester. In addition, she was a Visiting Professor of Marketing at INSEAD in Fontainebleau, France in 1997-98. She held academic positions in retailing and marketing for over 35 years and has extensive teaching experience in those and related areas, including consumer marketing strategies, consumer behavior, and consumer information processing. She is a recognized expert in the fields of distribution channel design and management, sales force management, compensation and motivation, and related areas. She has published numerous academic publications and textbooks on distribution channel design, management, optimization, and compensation, including specific publications related to direct sales marketing. She has published empirical research on decisions to join, stay, and leave DS companies and has spoken regularly on the DS industry at academic conferences. She also has experience designing surveys and interpreting and using survey results, including as part of her peer-reviewed publications.

Dr. Coughlan is expected to testify regarding her analysis of whether Neora has operated, or now operates, as an illegal pyramid scheme, and the FTC's income claims charges, the two issues on which the FTC's expert Dr. Stacie Bosley opines in her expert report (the "Bosley Report"). A summary of Dr. Coughlan's expected testimony is set forth below:

(1)   Neora's channel and business model has not met, and does not meet, the criteria to be categorized as an illegal pyramid scheme, because:

- DS is an established and accepted distribution channel;
- Neora operates a DS channel that allocates rights and responsibilities to Neora itself and to its BPs;
- Neora's Compensation Plan appropriately rewards success in performing the channel functions designated to BPs, which include both retail selling and sales management functions;
- Neora is not a pyramid scheme as defined in the FTC's administrative *Koscot* case:
  - The components of Neora's Compensation Plan are all directly related to retail sales, and none are awarded for recruitment without regard to sales; as such, compensation paid to participants is primarily from the sale of products, not for recruiting;
  - The only required expenditure to enroll as a Neora BP is a $20, one-time (non-recurring) fee to cover administrative costs of setting up the BP back office and other

   services and sales or marketing aids for the enrolling BP; and
  - The vast majority of sales of Neora's products are to ultimate users who do not participate in the business opportunity;
- A Neora BP does not inevitably lose money in her BP business;
- Neora offers products of value;
- Neora's channel governance strategy includes the promulgation and communication of its Policies and Procedures, and extensive and state-of-the-art monitoring and enforcement of their provisions; and

Neora's business operations are consistent with the operation of a legitimate DS firm and inconsistent with the operation of a pyramid scheme, namely:
  - Continued, and costly, investments in new products and new product lines over time;
  - Continued investments in materials used to train BPs and/or to give selling and mentoring tools to BPs;
  - Offering to take back unsold but sellable inventory for at least a 90 percent refund on wholesale purchase price when a BP departs Neora;
  - Designing and maintaining a compensation system that awards income for both retail selling and sales-producing downline recruitment and mentoring; and
  - Continued investments in monitoring and enforcing Neora's Policies and Procedures.

(2) Neora's business model and behaviors did not and do not match other "indicia" that are sometimes argued to indicate the possibility of an illegal pyramid scheme, or if they ever did, [Dr. Coughlan's] analysis shows they are not proof of the operation of a pyramid scheme, including:

- Allegation of "high" product purchases by BPs, inferring inventory-loading therefrom;
- Allegation of "low" levels of product purchases by non-BP buyers, inferring the lack of a product of value therefrom;
- Personal consumption of Neora products by BPs that are alleged not to count as retail purchases;
- Allegation of "high" BP turnover and/or "low" BP recruitment;
- Observation that an allegedly "small" proportion of BPs make bonus or commission earnings, used to draw a conclusion that these BPs "lost money"; and
- Allegation of improper income claims implying a pyramid scheme pertaining to earlier points in time, but not evident afterward, in Neora's history.

(3) The Bosley Report, fails to prove that Neora did, or does, operate a pyramid scheme under the *Koscot* test:

- Dr. Bosley's categorization of BP purchases of Neora products solely as business expenses incurred merely to qualify for compensation, despite overwhelming contradictory evidence, leads to illogical inferences about Neora's products of value and Neora's business model legitimacy, and is not part of the definition of a pyramid scheme under the *Koscot* test;
- Dr. Bosley's miscategorization of BP product purchases as a BP "cost" therefore leads to an erroneous prediction of inevitable market collapse in her compensation scenarios analysis;
- Dr. Bosley's discussions and conclusions about the meaning of "making a loss" as a BP are erroneous;

- Dr. Bosley's discussion of Neora's Compensation Plan incorrectly alleges that it provides payments for recruitment without regard to sales, and without this claim, her opinion that Neora operates a pyramid scheme fails;
- Dr. Bosley's discussion of improper income claims fails to recognize the lack of a metric or definition of improper versus proper claims and fails to recognize Neora's governance processes regarding such claims;
- Dr. Bosley inaccurately states that Neora's governance practices, including monitoring and enforcement of its Policies & Procedures, are insufficient;
- Dr. Bosley applies a vague, undefined and wholly subjective "over-emphasis on recruiting" test on Neora to justify her opinion on the existence of a pyramid scheme;
- Dr. Bosley relies on indicia to reach a pyramid scheme conclusion, when such indicia are not proof of the operation of a pyramid scheme; and
- Dr. Bosley largely ignores the FTC's administrative order in *Amway*.

In addition, Dr. Coughlan is expected to testify about the underlying facts or data she reviewed in preparing her expert opinions as set forth in her May 31, 2022 expert report, including the Bosley Report and accompanying materials, the process for enrolling as a BP, the information in the BP Back Office, such as the tools, materials, and training assets available to every BP, and documents, deposition testimony, and data produced by the parties in discovery, including the results of a survey designed to assess current and former Neora BPs' reasons for being Neora BPs and for buying Neora products that the market research firm Material Holdings, LLC ("Material," formerly known as Lieberman Research Worldwide or "LRW") carried out for Neora in April 2022 (the "2022 Survey"). She may also testify about her discussions with representatives of Neora, Material regarding the 2022 Survey, and Momentum Factor, an outside vendor whose services Neora has retained since July 17, 2015 and continues to use today in connection with Neora's robust compliance program.

9. **Walter H. A. Vandaele, Ph.D. (Deposed/Probable/Expert)**

    c/o Craig B. Florence
    Foley & Lardner LLP
    2021 McKinney, Suite 1600
    Dallas, Texas 75201
    Tel: 214.999.3000

Dr. Vandaele is an expert witness for Defendants in this case. Dr. Vandaele's educational background includes a Licentiaat (MBA) in July 1966 from the University Faculties Saint Ignatius (University of Antwerp), in Antwerp, Belgium, and a Doctorandus in Economics, cum laude, in 1969 from the Tilburg University, the Netherlands. He also received a Master of Business Administration in 1973 and a Ph.D. in 1975, both from the University of Chicago. He has held several academic positions in the economics and business departments at the University of Chicago, Harvard University, and the Massachusetts Institute of Technology. He has published two books in the field of statistics and econometrics and has over a dozen published articles on economic subjects. From December 1981 through January 1986, he served with the FTC as Economic Advisor to the Director, Bureau of Competition, and as Assistant Director for Regulatory Evaluation, Bureau of Consumer Protection. He also has designed surveys and interpreted and used survey results.

Dr. Vandaele is expected to testify regarding his analysis showing that Nerium operated and Neora continues to operate as a legitimate DS, multi-level marketing company, and not as an illegal pyramid scheme. He is also expected to testify regarding his independent economic analysis of Neora's Compensation Plan, his review and analysis of Neora's financial data, including product sales and compensation, commissions and rewards paid to BPs, and his conclusions from his review and analysis, including that the data conclusively establishes that the vast majority of commissions and other sums Neora paid to BPs were generated from product sales, not recruitment efforts. He is also expected to testify that the evidence and ancillary findings presented in the Bosley Report do not support Dr. Bosley's opinion that Neora operates as a pyramid scheme. He is also expected to testify regarding the inconsistencies and improper assumptions considered in

the calculations performed by the FTC's in-house economist and consulting expert Dr. David Givens that were provided to and relied on by Dr. Bosley.

In addition, Dr. Vandaele is expected to testify about the underlying facts or data he reviewed in preparing his expert opinions as set forth in his May 31, 2022 expert report, including the Bosley Report, a Neora database of financial and other information reflecting the activity of its individual customers (both business participants and non-participants), data from the 2022 Survey, documents, data, and spreadsheets prepared by FTC staff and produced as supporting the Bosley Report, and deposition transcripts of Drs. Bosley and Givens. He may also testify about his discussions regarding the 2022 Survey with representatives of Material, a company he was familiar with from a prior expert engagement involving Herbalife for whom Dr. Vandaele's work involved designing and using a survey.

10. **Daniel Jensen (Deposed/Possible)**

   c/o Leslie R. Robnett
   Duane Morris LLP
   100 Crescent Court, Suite 1200
   Dallas, Texas 75201
   Tel: 817.704.1037

Mr. Jensen is a consultant to DS companies on compensation plans, incentive plans, recognition strategy, business plans, technology, and industry practices. Mr. Jensen may testify regarding the foregoing and consulting services he provided to Neora regarding its Compensation Plan.

11. **Jennifer Givens (Deposed/Possible)**

   c/o Leslie R. Robnett
   Duane Morris LLP
   100 Crescent Court, Suite 1200
   Dallas, Texas 75201
   Tel: 817.704.1037

Ms. Givens is a current Neora BP. Ms. Givens may testify regarding reasons for joining and being a BP, reasons for purchasing Neora products, and experience as a BP and with the Neora business opportunity, products, sales, compliance, and training.

12. **Aana Camp (Deposed/Possible)**

   c/o Leslie R. Robnett
   Duane Morris LLP
   100 Crescent Court, Suite 1200
   Dallas, Texas 75201
   Tel: 817.704.1037

Ms. Camp is a current Neora BP. Ms. Camp may testify regarding reasons for joining and being a BP, reasons for purchasing Neora products, and experience as a BP and with the Neora business opportunity, products, sales, compliance, and training.

13. **Mandy Drozda (Not Deposed/Possible)**

   237 Parkland Ave
   Saint Louis, Missouri 63122-4709
   Tel: 314.308.4038

Ms. Drozda is a current Neora BP. Ms. Drozda may testify regarding reasons for joining and being a BP, reasons for purchasing Neora products, and experience as a BP and with the Neora business opportunity, products, sales, compliance, and training.

14. **Jonathan Gilliam (Not Deposed/Possible)**

   4801 Spicewood Springs Rd., Suite 250
   Austin, Texas 78759
   Tel: 512.690.2134

Mr. Gilliam is the founder and CEO of Momentum Factor, a leading social media and internet monitoring service for companies to monitor compliance by independent sales representatives. Mr. Gilliam may testify regarding Neora's early adoption of automated online monitoring, Neora's use of Momentum Factor's FieldWatch Monitoring service, and the increasing necessity for companies to effectively and timely detect and address compliance issues

through online monitoring. He may also testify regarding search terms and compliance issues monitored for Neora, the voluntary compliance rate of Neora BPs when notified of a concern, and the process for addressing BPs who do not promptly address compliance issues. He may also testify regarding the compliance efforts of other multi-level marketing companies and how they compare with Neora's efforts.

15. **Maxwell Stock (Deposed/Possible)**

    c/o Katie Bond
    Lathrop GPM, LLP
    600 New Hampshire Avenue, NW, Suite 700
    Washington, DC 20037
    Tel: 202.295.2243

Mr. Stock is President and CEO of Signum Biosciences and its affiliates, who developed EHT, and entered into a license agreement with Nerium International LLC in 2015 to sell EHT. Mr. Stock may testify regarding issues in this case relating to EHT and/or ME Sports. Mr. Stock may also testify about (i) the attributes of and research associated with EHT; (ii) Signum's failed effort to commercialize and market an EHT product under the names Cognion and ME Sports; (iii) how Nerium was not involved in those marketing activities including the creation of ME Sports and Signum's website content; (iv) the Signum Press Release that the FTC is attempting to use against defendants; and (v) the general health benefits of EHT, the studies and testing of EHT in living creatures and why it was not tested in humans, the fact that it is safe, and why people should consider taking it.

16. **Eduardo Perez (Deposed/Possible)**

    c/o Katie Bond
    Lathrop GPM, LLP
    600 New Hampshire Avenue, NW, Suite 700
    Washington, DC 20037
    Tel: 202.295.2243

Mr. Perez is the Chief Scientific Officer of Signum Biosciences. Mr. Perez may testify regarding issues in this case relating to EHT and/or ME Sports. Mr. Perez may also testify regarding (i) EHT and the science behind EHT and coffee; (ii) why no one sought approval for EHT as a drug; (iii) response to particular allegations in Plaintiff's Complaint including, but not limited to, assertions about Nerium's use and interest in ME Sports, the reasons EHT did not go through clinical trials, and Mr. Perez's journal article and posts about EHT preventing Alzheimer's disease related cognitive and other impairments in mice; and (iv) the reasons that athletes and all people should be interested in considering EHT as a supplement.

Date: September 19, 2022          Respectfully submitted,

**FOLEY & LARDNER LLP**

*/s/ Michelle Y. Ku*
**Craig B. Florence**
Texas Bar No. 07158010
cflorence@foley.com
**Michelle Y. Ku**
Texas Bar No. 24071452
mku@foley.com
2021 McKinney, Suite 1600
Dallas, Texas 75201
Tel: 214.999.3000
Fax: 214.999.4667

**Edward D. ("Ed") Burbach**
Texas Bar No. 03355250
eburbach@foley.com
**Robert F. Johnson**
Texas State Bar No. 10786400
rjohnson@foley.com
**Kristina W. Silcocks**
Texas Bar No. 00795930
ksilcocks@foley.com
600 Congress Avenue, Suite 3000
Austin, TX 78701
Tel: 512.542.7000
Fax: 512.542.7100

**Jay N. Varon**
District of Columbia Bar No. 236992
jvaron@foley.com
(admitted *pro hac vice*)
3000 K St. NW
Washington, DC  20007
Tel: 202.672.5300
Fax: 202.672.5399

**COUNSEL FOR DEFENDANTS
NEORA, LLC and JEFFREY OLSON**

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of the above and foregoing document has been served on September 19, 2022 on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

>*/s/ Michelle Y. Ku*
>Michelle Y. Ku