UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:20-cv-01979-M |
| ) | |
| v. ) | |
| ) | |
| NEORA, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF FEDERAL TRADE COMMISSION'S OPPOSITION TO DEFENDANTS'
MOTION TO EXTEND DEADLINE TO FILE REPLY**

Plaintiff Federal Trade Commission ("FTC") opposes Defendants' motion ("Motion," Dkt. 333) for an unnecessary and prejudicial 7-day extension of Defendants' deadline to file their reply brief in support of their baseless motion for protective order (Dkt. 328).

Defendants filed that motion for protective order on November 16th, during preparation of the post-trial briefing in this case—the same briefing that they now assert prevented them from working on the reply (but which did not prevent the FTC from timely filing its opposition thereto). That filing date was chosen by—not imposed upon—Defendants, and Defendants' counsel were presumably aware of their other deadlines and travel plans when they chose to file a contested motion on that date.[1] Instead of seeking additional reply time at that time,

---

[1] Indeed, Defendants were so eager to file the motion on that date that they cut off the FTC's attempt to meet-and-confer thereon; in response to the FTC's request for Defendants to identify "any statute or rule that would permit such sealing or redaction," Defendants responded only: "[W]e will file our motion today and will file as opposed. If you want to further discuss after we have filed, that's fine." Exhibit A.

1

Defendants admit that they did not turn their attention to the matter of the reply brief until three days before the brief was due, and did not seek relief from the Court until two days beforehand.

The issues in Defendants' motion for protective order are important, but not complex—Defendants' motion was only six pages long, and presumably the reply will be even shorter. (Indeed, the issues are so straightforward that the FTC was able to file its opposition just two days after the original motion, *see* Dkt. 330.) There is no reason that a team of six attorneys could not produce such a brief in the time prescribed by the Local Rules, or in the additional three days offered by the FTC during the meet-and-confer process.[2] And the justifications offered by Defendants for their counsel's unavailability are paper-thin: predictable pre-existing conflicts that Defendants should have known about when they chose this briefing schedule. By contrast, the issues at stake in Defendants' motion—the public's right to know what happened at trial in this matter, heightened by the issues of public concern involved and the fact that the case was initiated by the people's representatives on the public's behalf—are significant, and it is in the public's interest for those issues to be resolved as soon as possible, so that journalists, academics, Defendants' Brand Partners, and other interested members of the public can read the trial transcripts and report on them.

The FTC therefore respectfully requests that the reply deadline for Defendants' motion for protective order remain set for December 2nd, or in any event, no later than December 5th, 2022.

---

[2] Defendants' motion proposes conflicts for four members of Defendants' team. There is no explanation in the motion—nor was one offered to the FTC—as to why Defendants' trial counsel Mr. Johnson, or another partner staffed on the case, Ms. Silcocks, cannot handle this brief.

2

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated: December 1, 2022 | /s/ *Katharine Roller* <br> KATHARINE ROLLER <br> GUY G. WARD <br> LISA W. BOHL <br> RACHEL F. SIFUENTES <br> SAMANTHA DENNY <br> Federal Trade Commission, Midwest Region <br> 230 S. Dearborn, Suite 3030 <br> Chicago, Illinois 60604 <br> Tel: (312) 960-5605 <br> Fax: (312) 960-5600 <br> Email: kroller@ftc.gov <br><br> Attorneys for Plaintiff <br> FEDERAL TRADE COMMISSION |