**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-cv-01979-M |
| | § | |
| NEORA, LLC, SIGNUM BIOSCIENCES, | § | |
| SIGNUM NUTRALOGIX, and | § | |
| JEFFREY OLSON, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT NEORA, LLC'S
REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR PROTECTIVE ORDER
REQUIRING REDACTION OF CERTAIN INFORMATION IN TRIAL TRANSCRIPTS**

Pursuant to Federal Rule of Civil Procedure 5.2(e), Defendant Neora, LLC ("Defendant" or "Neora") submits this reply to Plaintiff Federal Trade Commission's ("Plaintiff" or "FTC") response to Defendant's motion for a protective order [Dkt. 330], wherein Defendant requests certain proprietary and confidential information be redacted from the trial transcript so that it is not disclosed to the public. Neora seeks to redact limited data relating to Neora's Brand Partners and customers, commissions, and finances; Neora does not seek to redact the full context of this testimony.

**ARGUMENT**

As described in the motion, the parties have engaged in significant discovery and have fully complied with the protective order throughout this case. The FTC does not dispute that Neora designated confidential and proprietary commercial and financial information in documents produced to Plaintiff and in deposition testimony as Confidential Material under the protective

order. Nor did the FTC challenge these confidentiality designations.  Lastly, the FTC agrees that

the protective order did not apply to trial proceedings.

In opposition, the FTC argues that the limited information Neora seeks to redact should

be made public because Neora did not make this request during the trial.[1]  However, at the

summary judgment hearing on September 28, 2022, the Court stated that if a claim of

confidentiality was raised, "[i]f it's disputed, I will determine it later." Summ. J. Hrg. Tr. 79:5-

8.[2]

The FTC cites *United States ex rel. Harman v. Trinity Indus., Inc.*, No. 2:12-CV-00089-

JRG, 2015 WL 10733402, at \*1 (E.D. Tex. Mar. 4, 2015), for the blanket proposition that the

information was already published in open court.  However, that case involved a request to unseal

the entirety of the trial proceedings.  Here, Neora seeks only to redact limited information before

the transcript is filed in the judicial record.  The context of the testimony will still be public, only

specific values will be redacted.

Similarly, *Bradley on behalf of AJW v. Ackal,* 954 F.3d 216, 229 (5th Cir. 2020), involved

the terms of a settlement agreement. The Fifth Circuit stated, "[o]nce a settlement is filed in

district court, it becomes a judicial record." *Id.* at 225. But the Fifth Circuit also stated that the

---

[1] The FTC also argues that some of the information was in other exhibits.  To the contrary, the information presented in Trial Exhibit 544, p. 19 was presented as an "average" of gross earnings of a Platinum National Marketing Director from February through November of 2019, not on an annual basis, whereas the expert testimony at trial analyzed 2021 on an annual basis. *See* Dkt. 329, 18-19.  The same is true of Trial Exhibits 24 and 447, as these income disclosures were prepared to disclose the "average" number of Brand Partners from 2016, Exhibit 447, and from February, 2019 – January, 2020, Exhibit 447, but the testimony referred to Brand Partners on an annual basis from 2017 forward, primarily focusing on 2021.  Dkt 329, p. 13, 15, 33, 40, 41, 43.

[2] The FTC also notes that the Court's statement that sealing trial materials could cause problems for the appellate court.  However, with the limited amount of pages in question, for purposes of appeal, Neora has filed the unredacted pages of the transcript under seal in Exhibit A to the motion for protective order.

---

"'common law merely establishes a presumption of public access to judicial records.' This circuit has not assigned a particular weight to the presumption." *Id. (citing SEC v. Van Waeyenberghe,* 990 F.2d 845, 848 5th Cir. 1993.) Therefore, the Court may order that certain "commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). With a showing of good cause, this Court may "require redaction of additional information" in filings made with the Court or "limit or prohibit a nonparty's remote electronic access to a document filed with the Court." Fed. R. Civ. P. 5.2(e).

This information would provide competitors with commercial and financial information that is proprietary and confidential to Neora. Such proprietary information includes the actual number of Brand Partners and customers, Dkt. 329, Exhibit A to Motion for Protective Order, p. 13, 15, 33, 40, 41, 43, and specific purchase patterns of Brand Partners and customers. Dkt. 329, p. 3-8, 21-23, 30-32. The financial information includes data on commissions and rewards paid to Neora's Brand Partners, Dkt. 329, p. 14, 16-20, 24-28, 34-35, and Neora's sales data, including total sales to Brand Partners and customers. Dkt. 329, p. 10, 12, 37-41.

Here, there is no public interest served by disclosing Neora's confidential and proprietary commercial and financial information. The FTC argues that the alleged deceptive trade practices claims raised by a governmental entity are matters of significant concern. Response, p. 7, citing *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 412 (1st Cir. 1987). Neora disputes the merits of that claim. But more to the point, the release of limited confidential information is not central to the FTC's claims; on the other hand, this information would be valuable to a competitor of Neora. Neora only seeks to redact specific data cited in the testimony, not the entirety or context of that testimony. In addition to the trial transcript being filed in the record and available

to the public, the pleadings are all public record and any private citizen can be fully informed of the allegations made by the FTC.

Public availability of this information would detrimentally impact Defendant's competitive standing if it were publicly accessible by its competitors. *See* Exhibit B, Affidavit of Deb Heisz, ¶ 5-8. The FTC writes the data off as "minimal value," but it would be valuable to competitors. *Id.* Ms. Heisz testified at trial regarding the competitiveness of the MLM industry and the harm to Neora from raids by other companies, stealing top salespeople and their downlines. ECF No. 322 (Volume 5-B) 6:16-8:22. Dr. Anne Coughlan testified regarding Neora's efforts to protect confidential information in order to preserve the company's brand strategy and integrity of the business opportunity. ECF No. 323 (Volume 6-A) 68:11-22; 72:17-74:1. Competitors could use and analyze this information to determine the specific purchase patterns of Neora customers and Brand Partners, as well as determine the specific rewards and commissions paid to Brand Partners. *Id.* at ¶ 8. Competitors could then use this information to provide incentive packages to recruit Neora's Brand Partners to their company, as has happened in the past. *Id.* at ¶ 8; ECF No. 322 (Volume 5-B) 6:16-8:22; *see also Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3rd Cir. 1988) ("courts may deny access to judicial records [ ] where they are sources of business information that might harm a litigant's competitive standing.")

Finally, the FTC argues that cases involving public officials raise a legitimate public interest. Response at p. 2. Here, the FTC asserted allegations against a private company, not public officials. No public interest in served by releasing competitively sensitive information that would provide an unfair advantage to competitors. *See* Exhibit B at ¶ 9.

## CONCLUSION

Defendant's limited redactions of the trial transcript are narrowly-tailored to protect confidential and proprietary commercial and financial information that would not limit the ability of the public to review the trial proceedings. There is good cause to grant this motion, and Defendant respectfully requests the Court grant Defendant's motion and enter a protective order requiring the information highlighted in yellow in Sealed Exhibit A [Dkt. 329] to the motion for protective order be redacted so that the public record contains redacted versions of the Filings of Official Electronic Transcript of Bench Trial Proceedings held on October 17, 20, 21, and 24, 2022 that are the subject of the Notices filed as ECF Nos. 315, 319, 321, 322, and 324. Defendant further respectfully requests any and all such other and further relief to which it may be justly entitled.

Date: December 9, 2022                          Respectfully submitted,

**FOLEY & LARDNER LLP**

*/s/ Craig B. Florence*
**Craig B. Florence**
Texas Bar No. 07158010
cflorence@foley.com
**Michelle Y. Ku**
Texas Bar No. 24071452
mku@foley.com
2021 McKinney, Suite 1600
Dallas, Texas 75201
Tel: 214.999.3000
Fax: 214.999.4667

**Edward D. ("Ed") Burbach**
Texas Bar No. 03355250
eburbach@foley.com
**Robert F. Johnson**
Texas State Bar No. 10786400
rjohnson@foley.com
600 Congress Avenue, Suite 3000

Austin, TX 78701
Tel: 512.542.7000
Fax: 512.542.7100

**COUNSEL FOR DEFENDANTS**
**NEORA, LLC and JEFFREY OLSON**

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of the above and foregoing document has been served on December 9, 2022 on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Craig B. Florence*
Craig B. Florence

4859-3152-3650.1