UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:20-cv-01979-M |
| | ) | |
| v. | ) | |
| | ) | |
| NEORA, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF FEDERAL TRADE COMMISSION'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Federal Trade Commission ("FTC") respectfully submits this Notice of Supplemental Authority to inform the Court of a development relevant to this litigation. On May 11, 2023, the United States District Court for the District of Arizona issued a decision in the FTC's favor in *FTC v. Noland, et al.*, in which, as in the instant case, the FTC prosecuted a multi-level marketing enterprise ("MLM") and its founder, alleging that the defendants operated an illegal pyramid scheme, made false earnings claims, and furnished others with the means and instrumentalities to mislead. *See* No. CV-20-00047-PHX-DWL, 2023 WL 3372517 (decision attached). Following a bench trial, the court found in the FTC's favor on all three of those counts (as well as others not relevant here) and imposed injunctive relief provisions similar or identical to those requested in the FTC's proposed order in this case (Dkt. 143-1), including prohibiting all defendants from "participating in multi-level marketing programs" because "Defendants have shown themselves to be utterly incapable of operating an MLM business in a lawful manner." *Id*. at 127.

1

The *Noland* decision also bears on other issues live in this litigation, such as:

- The credibility and persuasiveness of the FTC's witnesses, Dr. Stacie Bosley and Elizabeth Anne Miles;[1]

- The proper test to apply in determining whether an MLM operates as an illegal pyramid scheme. *See id.* at 79-84. The opinion evaluates whether participants in the scheme could succeed only through recruitment, not customer sales, considering factors such as: the "structural disconnect between commission payments and retail sales," Defendants' "emphasis on recruiting" over retail sales, the push "to sell large up-front product packs" and make "large monthly purchases," the presence of bonuses that "depended on recruiting massive downline teams," the "strong[] encourage[ment of] automatic monthly orders," the lack of safeguard policies, and evidence of false product demand, including a high percentage of participant purchases and incentives to "buy rank." Notably, the *Noland* pyramid analysis makes no mention of the source of the defendants' revenues ("money in"), the prospect of the scheme's collapse, or the purported "primarily" test put forward by Defendants in the instant case;

- The proper test to apply and evidence to consider when determining whether an MLM makes misleading claims of substantial income, *see id.* at 85-90; and

- That giving MLM participants "marketing and training materials that were used to spread Defendants' false income claims" establishes a violation of the FTC Act for furnishing the means and instrumentalities to mislead others, *see id.* at 90-91.

---

[1] *See, e.g., id.* at 16-17 ("[T]he Court found Dr. Bosley to be a credible and persuasive expert witness.") ("The Court found Miles to be a credible witness" and her "calculations form part of the foundation for the Court's liability findings.").

Respectfully Submitted,

Dated: May 16, 2023                        /s/ *Katharine Roller*
                                               KATHARINE ROLLER
                                               GUY G. WARD
                                               LISA W. BOHL
                                               RACHEL F. SIFUENTES
                                               SAMANTHA DENNY
                                               Federal Trade Commission, Midwest Region
                                               230 S. Dearborn, Suite 3030
                                               Chicago, Illinois 60604
                                               Tel: (312) 960-5605
                                               Fax: (312) 960-5600
                                               Email: kroller@ftc.gov

                                               Attorneys for Plaintiff
                                               FEDERAL TRADE COMMISSION